289 P.2d 1044

Laura M. PRICE, Plaintiff and Respondent,

v.

Edward E. PRICE, Defendant and Appellant.

No. 8342.

Supreme Court of Utah.

Nov. 22, 1955.

154

Omer J. Call, Brigham City, for appellant.

Newel G. Daines, Logan, for respondent.

HENRIOD, Justice.

Appeal from a judgment modifying a divorce decree. · Affirmed with costs to plaintiff.

In a 1946 divorce decree, plaintiff was awarded custody of 4 minor children and "$50 per month alimony and support money for herself and minor children." In addition, defendant was required to pay a $1,500 mortgage. Later on plaintiff remarried and defendant, apparently under threat of court action, paid the $1,500 and plaintiffs signed a release of all claims for alimony and child support, past, present and future. Two of the minor children attained their majority before plaintiff petitioned for a modification of the divorce decree, which resulted in a judgment for $1,800 for support money due, and $50 per month for the support of the 2 remaining minor children. In the original divorce action the court found that the defendant was "capable of earning $250 per month." He has contributed practically nothing to his children's support the past 10 years. He testified his present earnings are less than $125 per month, and that he has a heart ailment, a new wife and a new child. Plaintiff and her children have been on relief throughout most of the 10-year period.

Defendant urges 1) that there was no showing of changed circumstances justifying the award and 2) that anyway the plaintiff effectively could and did release defendant from any claim for future child support.

■ As to 1): Defendant recites facts testified to by him which he apparently assumes the court was required to consider as true, but it is obvious from the trial court's conclusion that the latter did not believe everything defendant said. Other evidence adduced, if believed, would support the award, and under familiar principles we cannot disturb the judgment in such event.

■ As to 2): Future child support effectively cannot be the subject of bargain and sale.[1] Among other things, the State is an interested party in such matters since a child's welfare is at stake, and any modification of a child support award must be approved by the court.

McDONOUGH, C. J., and WADE and WORTHEN, JJ., concur.

CROCKETT, Justice (concurring).

I concur, but add this comment: the $50 per month of the former award was obviously inadequate but appears to have been the maximum award the court felt defend-

1. See Keyes v. Keyes, 51 Idaho 670, 9 P. 2d 804; Ex parte Windell, 152 Kan. 776, 107 P.2d 708; 67 C.J.S., Parent and Child, § 15, p. 696.

ant could pay under his limitations. The fact that an inadequate award is once made does not set a permanent pattern entitling the defendant to a proportionate scaling down when some of the children become of age.