329 P.2d 878

**Merle RIDING, Plaintiff and Appellant**

**v.**

**Melvin Jay RIDING, Defendant and Respondent.**

**No. 8840.**

Supreme Court of Utah.

Sept. 17, 1958.

1. 110 Utah 245, 171 P.2d 667, 670, decided under Sec. 104–5–7, U.C.A.1943, which, insofar as material here is the same as Rule 4(j), U.R.C.P.

David E. West, William G. Shelton, Salt Lake City, for appellant.

Robert E. Schoenhals, Salt Lake City, for respondent.

WORTHEN, Justice.

This is an appeal from an order dismissing "with prejudice and upon the merits" an order requiring defendant to show cause why he should not pay to plaintiff support for the minor child of the parties. The parties will be referred to as plaintiff and defendant respectively or as the mother and father of said minor.

The parties married in Duchesne County, Utah, in January, 1937. One child, Robert Jay Riding, was born as issue of said marriage on July 23, 1943. They were divorced December 30, 1948, in Salt Lake County, and plaintiff was awarded the care, custody and control of the minor child and defendant was ordered to pay the sum of $25 per month as support for said child.

Thereafter plaintiff married one Glen Offret. It was agreed by the plaintiff, defendant and Glen Offret that Robert be adopted by plaintiff's new husband. The three entered into a stipulation bearing date December 9, 1949, which provided in part:

"* * * and do stipulate and agree that it is in the best interests of the child that the plaintiff's present husband, Glen Offret, be permitted to adopt the said minor child of the parties, Robert Jay Riding, and the said parties respectively consent to said adoption * * *."

"The said Glen Offret by his signature subscribed hereto *does consent to adopt* the minor child of said parties and does *acknowledge his desire* and willingness to maintain the relationship of parent and child and to support and maintain the said minor child and to provide it with all those rights and privileges ordinarily existing in such relationship.

"It is specifically understood and agreed that the said Melvin Jay Riding is hereafter released and discharged from any further obligation to support said child, *subject, of course to the or-*

der of a court of competent jurisdiction *permitting the said Glen Offret to adopt said child."* (Emphasis added.)

On September 15, 1949, plaintiff filed with the clerk of the court a paper denoted "Satisfaction of Judgment" signed by her and duly acknowledged, which requested the clerk to make and enter an order showing that the defendant "has fully paid, satisfied and discharged *any and all claims for* * * * *support money* in the past or in the future for the minor child herein and any and all other costs of any kind, and that the *said responsibilities of the defendant have been fully terminated,* pursuant to the stipulation filed herein." (Emphasis added.)

On the 5th of January, 1950, the Honorable A. H. Ellett, one of the judges of the court, made and entered the following order:

"Good cause appearing thereof [sic therefore] as based upon motion made, it is hereby ordered, adjudged and decreed:

1. That the defendant, Melvin Jay Riding, be and he hereby *is relieved from any and all further obligation to support Robert Jay Riding, as based upon Stipulation filed herein."* (Emphasis added.)

That notwithstanding the stipulation and the order made thereon releasing the defendant from the obligation to support the minor child, the said Glen Offret failed to make any effort to adopt the child and declined to go through with the adoption and *no order of any court* of competent jurisdiction was ever made permitting Offret to adopt said child.

Plaintiff and Offret have been divorced since the order of the lower court was entered January 5, 1950.

In July, 1955, plaintiff filed her affidavit in support of a motion to set aside the order entered on January 5, 1950, and in support of an order requiring defendant to assume the obligation of supporting said child in accordance with the Decree of Divorce herein. The affidavit filed by plaintiff in support of her motions recited that the stipulation between plaintiff, defendant and Glen Offret dated December 9, 1949, purporting to relieve defendant of any further obligation to support said child was "subject, of course, to the order of a [court of] competent jurisdiction permitting the said Glen Offret to adopt said child." It was further alleged in said affidavit that by reason of Offret's refusal to adopt said child and because no court of competent jurisdiction ever made an order permitting the adoption, the release of defendant provided for in the stipulation ceased to have any validity and the order of the court entered January 5, 1950, was wrongfully entered and was of no force or effect. The above motion was taken under advisement July, 1955, and never ruled on.

Thereafter and on November 21, 1957, plaintiff filed her affidavit and on said date an order to show cause was issued requiring defendant to appear before one of the judges of the said court and show cause why the decree in the action should not be modified and why defendant should not be required to pay to plaintiff support money for said child.

In her affidavit plaintiff also prayed for such other relief as to the court seemed proper.

The order to show cause was heard by one of the judges of the court and the same was dismissed with prejudice and upon the merits. The court in its order stated "and having examined the order of Judge Larson dated May 20, 1953, the order of Judge A. H. Ellett dated January 5, 1950, together with all other pleadings, stipulations, agreements, orders, and satisfactions of judgment entered * * *."

The court in its Memorandum Decision indicated his reasons for denying the relief prayed for. There the court observed, "it would appear that the order of Judge A. H. Ellett dated January 5, 1950, *would terminate proceedings as to* the original decree relative to support by the defendant * * *."

█ If the judgment entered on January 5, 1950, be construed as a final and uncon-ditional judgment relieving defendant from any and all further obligations to support Robert Jay Riding then the same was and is absolutely void. There is not vested in any court of this state the right to make a final order relieving a father, permanently, of his obligation to support his child except under the Adoption Statute.

The expenses of the family and the education of the children are chargeable upon the property of both husband and wife or either of them.[1]

The court is vested with jurisdiction to make such "subsequent changes or new orders with respect to the disposal of the children or the distribution of property as shall be reasonable and proper.[2] Our statute[3] makes it a felony for a person to, without just excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his or her minor child under the age of sixteen years in destitute or necessitous circumstances.

█ We are of the opinion that the order signed by Judge Ellett and filed in the divorce action was a conditional order. It recites that it is "based upon stipulation filed herein." The stipulation contemplated the adoption by Glen Offret of Robert Jay Riding. The stipulation recited that Offret consented to adopt the child and acknowledged "his desire and willingness to main-

---

1. Section 30–2–9, U.C.A.1953.
2. Section 30–3–5, U.C.A.1953.

3. Section 76–15–1, U.C.A.1953 as amended by Chapter 164, Laws of Utah 1957.

tain the relationship of parent and child and to support and maintain said minor child and to provide it with all those rights and privileges ordinarily existing in such relationship."

However, there was no compliance with the adoption statute. We must interpret the order as intended to go into effect after the adoption had been completed, which condition never occurred.

No petition was ever filed for the adoption of the minor child. Section 78–30–8, U.C.A.1953 provides:

"The person adopting a child and the child adopted, and the other persons whose consent is necessary, *must appear before the district court* * * * *and the necessary consent* must *thereupon be signed* and an agreement be executed by the person adopting * *."

Section 78–30–9, U.C.A.1953, requires that the court examine all persons appearing before it, each separately, and if satisfied that the interest of the child will be promoted by the adoption it must make an order declaring that the child shall thenceforth be regarded and treated in all respects as the child of the person adopting. Section 78–30–11, U.C.A.1953 provides:

"The natural parents of an adopted child are, from the time of the adoption, relieved of all parental duties toward and all responsibility for the child so adopted, and shall have no further rights over it."

Section 78–30–15, U.C.A.1953 provides that the court shall order that the petition, and all other documents filed, shall be sealed and shall not be open to inspection or copy except upon order of the court expressly permitting such inspection or copy after good cause therefor has been shown.

Not every person who expresses his willingness to adopt a child will be permitted to do so. The state is interested in being assured that before a child, who is an innocent party, shall be adopted its interest and welfare must be safeguarded, and only after a district court judge, set up by the statute to protect the child, has determined that the child's best interest will be assured, will an order be made.

Nor is there merit to defendant's contention that plaintiff for a valid consideration released and discharged defendant from the obligation to furnish further support. Without again mentioning the language of the Stipulation and the Satisfaction of Judgment mentioned herein we are not free to give sanction to such agreements. Parents cannot barter away the right of a minor child to support. This court in the case of Price v. Price [4] observed in holding such an argument not persuasive: "Future child support effec-

4. 1955, 4 Utah 2d 153, 289 P.2d 1044.

tively cannot be the subject of bargain and sale. Among other things, the State is an interested party in such matters since a child's welfare is at stake * * *."

The order of the court below dismissing the order to show cause is reversed and the cause is remanded to said court with directions to reinstate said order to show cause and to proceed in accordance with the view herein expressed. Costs on appeal to appellant.

McDONOUGH, C. J., and CROCKETT, WADE and HENRIOD, JJ., concur.