377 P.2d 1007

**Julia HARRIS, Plaintiff and Respondent,**

**v.**

**Elmo L. HARRIS, Defendant and Appellant.**

**No. 9564.**

Supreme Court of Utah.

Jan. 25, 1963.

Moffat, Iverson & Elggren, Salt Lake City, for appellant.

Leland S. McCullough, Salt Lake City, for respondent.

SWAN, District Judge.

This appeal is brought by defendant from an order and judgment awarding plaintiff judgment in the sum of $4,500 for delinquent support money and attorney's fees in the sum of $100, finding defendant in contempt of court for wilful failure to comply with the divorce decree and sentencing him to serve 30 days in the county jail, and further denying defendant's petition to modify the divorce decree.

Plaintiff brought this action on a petition and order to show cause why defendant should not be found in contempt of court and punished accordingly for his wilful failure to comply with the order of the court in a divorce decree, why plaintiff should not be awarded judgment against defendant for delinquent support money in the sum of $4,605, and for attorney's fees and costs. The defendant filed an answer to plaintiff's petition, alleging as an affirmative defense that plaintiff had told the defendant that if he would pay certain creditors to prevent them from garnisheeing plaintiff's wages, and paid as much as he could reasonably afford for support money for the children, she, plaintiff, would expect no more, and that if plaintiff had not so agreed, defendant would have petitioned for a modification of the decree. The defendant cross-petitioned for a modification of a divorce decree, alleging that at the time of the divorce plaintiff was unemployed but that within two or three months she had obtained steady employment.

The divorce decree between the parties was entered February 10, 1956, and provided that defendant pay to plaintiff the sum of $50 per month for each of the children of the parties, or a total of $100 per month. At the hearing, defendant testified that from the time the divorce decree was entered until January 1, 1959, he had held four separate jobs for limited periods of time, but was unable to continue his work on each job because of his physical condition. During the times he was without work he had to depend on his sister for support, and on one occasion borrowed $1,500 from her to buy stock in a company known as All Plastics, so that he could obtain employment with the company. On January 1, 1959, defendant obtained employment at Sperry's, and at the time of the hearing his average income was $68.00 per week or $300 per month take-home pay. Defendant has remarried and is living with his wife, and he testified as to her income and their living expenses and obligations.

Plaintiff was not working at the time of the divorce, but shortly thereafter she obtained employment, and about six months after the divorce her wages were garnisheed. Defendant testified that plaintiff at that time told him that if he would keep their creditors "off her back" she would accept whatever he could afford to pay. He testified that he thereafter paid other creditors to keep them from garnisheeing her wages, but the court at this point sustained an objection to further testimony concerning the bills paid by the defendant. Regarding the support money payments for the two minor children, defendant testified that he thought plaintiff was satisfied with the way things were going, and that she had never indicated that she would attempt to collect any unpaid support money. He further stated that since he had worked at Sperry's he had not missed making a pay-

ment to plaintiff every month, and that for more than a year he had been paying $60 per month.

Plaintiff testified that she has never since the time the decree was entered, either orally or in writing, told the defendant that he did not have to pay the full amount of money set forth in the decree, and that she, in fact, has always asked him for more. She testified that she and the two children live with her mother, and further testified in some detail as to her income, expenses and obligations, as well as those of her mother and the two children.

■ The defendant assigns as error the trial court's entering judgment in favor of plaintiff for the sum of $4,500, and contends that plaintiff should be estopped to seek a judgment against him by reason of plaintiff's statement that if defendant would satisfy the joint creditors and pay her as much as he could afford she would expect no more. The trial court apparently chose to believe the plaintiff, and found that "during the period of said delinquency the plaintiff made constant and repeated demands upon defendant to make said support money payments; that defendant failed and refused to make the payments as set forth in the order of the court dated the 10th of February, 1956."

We think this finding has ample support in the record. In the case of Price v. Price, 4 Utah 2d 153, 289 P.2d 1044, this court said and held:

"As to 1): Defendant recites facts testified to by him which he apparently assumes the court was required to consider as true, but it is obvious from the trial court's conclusion that the latter did not believe everything defendant said. Other evidence adduced, if believed, would support the award, and under familiar principles we cannot disturb the judgment in such event."

During the hearing defendant testified as to some of the joint creditors that he had paid, and at one point plaintiff objected to further testimony concerning the bills paid by defendant. The trial court sustained the objection, stating "I don't see that there would be any consideration for her trying to get him to pay the bills."

■■ As to the defendant's contention that the plaintiff had lulled him into a sense of security by telling him that if he would pay the bills and pay her what he could, she would be satisfied: if this occurred it was many months prior to the citation. Upon the basis of the record, the trial court seems justified in not being impressed with defendant's claim, or with his testimony. While it must be conceded that evidence of that character, if believed, may well have a bearing on the question of the defendant's con-

tempt,[1] we are not persuaded that under the circumstances shown by the evidence the court committed error prejudicial to the defendant in limiting the testimony he would hear on that issue.[2]

The trial court found defendant in contempt of court for his wilful failure and refusal to abide by the order of the divorce decree with respect to the payment of the support money for the minor children. Defendant contends that in addition to the $60 per month paid to plaintiff, he was spending $10 a month on the children, and that plaintiff's claiming the children as dependents on her income tax return, and certain medical insurance carried by defendant covered medical expenses of the children, placed the defendant in substantial compliance with the court order. We must agree with plaintiff that the decree did not authorize the defendant to substitute benefits to the children for the support payment ordered by the decree,[3] and we believe that the trial court's conclusion that defendant should be held in contempt is supported by the law and the evidence.

Prior to sentencing the defendant on the contempt of court finding, the trial court suggested that the defendant discuss a settlement that would avoid the necessity of a jail sentence. The defendant's counsel de-clined and requested that the matter be disposed of, whereupon the trial court sentenced the defendant to 30 days confinement in the county jail. Execution was stayed pending this appeal.

The perennial argument is made that the defendant will lose his job. The plaintiff wisely recognizes that this is an important consideration and states that she does not desire that result. We deem it appropriate to observe that the various excuses offered by the defendant for failure to contribute to the support of his children: that he has remarried and has numerous expenses, including the operation of a car; the repayment of a loan to his sister; his clothing, laundry and barber expenses, however necessary they may be, are not more so than the needs of his children; and were to considerable extent taken on subsequent to that responsibility. To his credit is the fact that since he has had steady employment at Sperry-Utah he has made at least some payment on support money each month; and this is the first time he has been cited and found in contempt.

While it is true that the amount of penalty for contempt should rest within the sound discretion of the trial court, it is not without limitation and must be exercised within the confines of reason and justice.

---

1. Larsen v. Larsen, 5 Utah 2d 224, 300 P. 2d 596.
2. Error to justify reversal must be such that there is at least some likelihood of a different result in its absence. Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822.
3. See Marks v. Marks, 98 Utah 400, 100 P.2d 207.

Under the circumstances here shown, it seems to this court that if the defendant is to be incarcerated it should be for something very considerably less than 30 days, which is the maximum penalty for such a contempt. We commend to the attention of the trial court the effectiveness of a jail sentence of but a few days where necessary and its value: including the possibility of retaining employment.

 The dismissal of the defendant's petition to modify the decree. to reduce the amount of support money finds support in the evidence.

Judgment affirmed, except as to the amount of jail sentence. The case is remanded for the court to give further consideration as to whether the defendant should be required to serve time in jail and if so, the amount thereof in the light of this observation. Each party to bear own costs.

McDONOUGH, CROCKETT, and WADE, JJ., concur.

CALLISTER, Justice (dissenting in part).

I dissent from that portion of the opinion setting aside the jail sentence. As observed by the majority of this court, the penalty for contempt rests within the sound discretion of the trial court. It is apparent from the record that the trial judge did not intend that the defendant be incarcerated for a full 30 days and that he reserved his prerogative to suspend all or part of the sentence.

HENRIOD, C. J., having disqualified himself, did not participate herein.