155 So.2d 593

**Orra Nanette MELVIN**

v.

**John C. FURR.**

**1 Div. 43.**

Supreme Court of Alabama.

July 25, 1963.

Grady W. Hurst, Jr., Chatom, for appellant.

Edw. P. Turner, Sr., Chatom, for appellee.

COLEMAN, Justice.

This is a petition for certiorari, brought by the former wife, to review a decree wherein the court denied her petition to require the former husband to pay certain installment payments for support of the minor children of the parties, which payments were accrued and past due, under a prior divorce decree, or to hold the former husband in contempt for failure to pay. For brevity we hereafter omit the word "former," which applies in each subsequent reference to husband or wife.

By decree rendered in 1957, in accordance with agreement of parties, custody was awarded to wife, and husband was ordered to pay $125.00, per month, to the wife for the support of the children.

The husband made no default until July 1, 1961. After that date, he failed to pay in full. His defense appears to be that he had given money directly to the children and had otherwise expended money for their benefit in excess of the amounts due under the divorce decree. The court found:

"The court finds from the evidence that the respondent is in arrear(s) in his payments to be made directly to the complainant, but the court further finds that the respondent has paid sums of money to his daughters, Jean Furr and Joan Furr, directly, which amount was not only equal to the amount claimed to be in arrear(s) but was in excess thereof by a considerable sum." (Par supplied.)

The respondent has not filed a brief.

It appears that the husband has an income of $6,500.00 per year. We understand that it is not disputed that he is able to make the payments. It also appears to be undisputed that the former wife did not authorize the husband to make payment directly to the children and that she did not agree that the husband should have credit for such payments.

Certiorari is the proper way to review the action of the court in refusing to commit for contempt. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834.

The wife states the question for decision as follows:

"This case clearly presents for ruling the question of whether or not a father who is ordered to pay regular monthly payments for his children's support to their mother is entitled to credit thereon (1) for checks paid to

the children themselves at Christmas and on other special occasions, (2) for burial insurance premiums paid on burial policies for the children, (3) for life insurance premiums paid on policies on his life made payable to his estate, and (4) for letting his children use his automobile when no value of such use was proven."

This court has said:

" * * * installment payments decreed in a divorce for support and education of the minor child of a marriage become final judgments as of the dates due and may be collected as other judgments. In support of this view they cite the following authorities: Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905; State ex rel. Casey v. Casey, 175 Or. 328, 153 P.2d 700, 172 A.L.R. 862; Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68; Brown v. Brown, 66 Idaho 625, 165 P.2d 886; Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328; Hicks v. Hicks, 26 Tenn.App. 641, 176 S.W.2d 371; Reynolds v. Reynolds, 192 Okl. 564, 137 P. 2d 914; Andrews v. Andrews, 171 Kan. 616, 237 P.2d 418; Bush v. Bush, 82 Ohio App. 255, 75 N.E.2d 832; Shuff v. Fulte, 344 Ill.App. 157, 100 N.E.2d 502; Millard v. Millard, 102 Cal.App.2d 249, 227 P.2d 477; Korczyk v. Solonka, 130 W.Va. 211, 42 S.E.2d 814." Armstrong v. Green, supra, 260 Ala. at page 45, 68 So.2d at page 839.

" * * * Under our cases installments which mature before a petition to modify is filed are immune from change. Epps v. Epps, 218 Ala. 667, 120 So. 150; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; 8 Ala.Dig., Divorce, ☞245(1). The principle has been frequently referred to. Ex parte Myers, 246 Ala. 460(6), 21 So.2d 113. * * *" Scott v. Scott, 265 Ala. 208, 210, 90 So.2d 813.

We understand that the minor children remained in the custody of the wife at all times here pertinent. She testified:

"Q. Do you have sufficient funds that you are able to support these children alone without some support from their father?

"A. I can not."

This testimony is not contradicted.

■ We are of opinion that the court erred in giving to the husband credit for sums not paid to the wife.

In the decree complained of, the court referred to Mooty v. Mooty, 131 Fla. 151, 179 So. 155, wherein the court held that a father was entitled to credit, against support payments, for expenses of a daughter at college paid by the father but not paid to the mother as required by a divorce decree. The Florida Court observed:

" ' * * * Since, therefore, there is no absolute or vested right in the wife to receive or collect temporary alimony so long at least as the proceedings remain in fieri and the enforcement of the order allowing it remains subject to annulment or modification within the judicial discretion of the court that made the order, the chancellor did not exceed his authority in relieving the husband of the payment of both *accrued* and future alimony pendente lite, nor upon the showing before us can we say that the chancellor clearly erred in the exercise of his discretion upon the facts before him.' " (Emphasis Supplied.) (179 So., at page 157.)

The Florida rule appears to be that the court might relieve the husband from accrued payments and in this respect is contrary to the rule applied in Armstrong v. Green, supra. As we view it, the Mooty case does not apply here. See: Wood v. Wood, ante, p. 305, 154 So.2d 661.

The following statement seems appropriate:

" * * * However, we are of the opinion that even a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree, nor is such a court justified in offsetting

against payments required to be made under such a decree voluntary payments made for medical attention and clothing furnished children, as was done in this case. If, under such a decree as we have here before us, the father could refuse to. make the payments required of him, and in an attempt to justify such refusal show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil. If a party to such a decree is not satisfied with its provisions relative to the custody of the children, or payments required to be made for their support, such party may always come into court and ask for a modification of ·the decree." Bradley v. Fowler, 30 Wash.2d 609, 192 P.2d 969, 2 A.L.R.2d 822, 830.

The decree is reversed and the cause remanded for entry of a decree requiring the husband to make full payment to the wife as provided for by the decree of divorce, with performance by husband to be enforced by appropriate process .of the .court.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.