392 P.2d 624

Bertha M. McCLURE, Plaintiff and Respondent,

v.

Edwin E. DOWELL, Defendant and Appellant.

No. 10042.

Supreme Court of Utah.

June 1, 1964.

Callister, J., dissented.

Parsons, Behle, Evans & Latimer, Milo S. Marsden, Jr., Salt Lake City, for defendant and appellant.

Ray, Quinney & Nebeker, Merlin O. Baker, Salt Lake City, for plaintiff and respondent.

HENRIOD, Chief Justice:

Appeal from a judgment for principal and interest on an Alabama divorce decree which awarded child support payments. Affirmed, except as to interest, which is reversed. No costs.

Plaintiff and defendant executed a pre-divorce agreement in which the former agreed not to remove the children beyond a certain area, with rights of visitation in defendant. Defendant made regular payments, but for two years could not make the payments solely because the plaintiff concealed herself and children, due partly to a trip to Europe. It is significant that she was paid the amounts so long as she disclosed her whereabouts. Defendant says he was relieved of such payments during her undisclosed absence, relying on Larsen v. Larsen,[1] which we think inapropos as applied to the facts of this case.

We think that the principles of Price v. Price,[2] and Riding v. Riding [3] controlling here, and that Baker v. Baker,[4] has no application and we so hold.

No question of full faith and credit is involved, since everyone agreed the payments under the Alabama decree had remained unpaid.

As to defendant's claim he was relieved of child support commitments by plaintiff's concealment, his relief, if any, would have been in the Alabama forum, which course he did not pursue.

As to interest on the money he owed but could not pay because plaintiff put it beyond his power, we think that in equity and good conscience, a man willing and able, but prevented from paying by a peripatetic judgment creditor, thrice-married, ex-spouse, should be relieved from the effects of vinegar interest poured in his wounds, by the application of an equitable, soothing lotion.

McDONOUGH, CROCKETT and WADE, JJ., concur.

CALLISTER, Justice (dissenting).

I do not agree with the majority opinion wherein it relieves the appellant from the payment of interest—although he has my

1. 5 Utah 2d 224, 300 P.2d 596 (1956).
2. 4 Utah 2d 153, 289 P.2d 1044 (1955).
3. 8 Utah 2d 136, 329 P.2d 878 (1958).
4. 119 Utah 37, 224 P.2d 192 (1950).

sympathy. I agree with that portion of the majority opinion upholding the judgment for past due support money payments, but for different reasons.

On January 24, 1957, the parties to this action were residents of New York, and on that date entered into a property settlement agreement. This agreement, among other things, set forth the appellant's rights of visitation. Subsequently, on February 6, 1957, respondent wife secured an absolute divorce in the state of Alabama. The divorce decree awarded custody of the two children to respondent and ordered appellant to pay for their support the sum of $150 each per month. The New York agreement was not incorporated into or referred to in the Alabama decree.

Under the Alabama decisions,[1a] the past-due installments of child support, as they accrue, are absolutely vested and cannot retroactively be modified or reduced. The installment payments become final judgments as of the dates due and may be collected as other judgments. We are bound to give the judgment which has accrued in Alabama "full faith and credit." [2a]

I would affirm the judgment of the lower court.

1a. Armstrong v. Green, 260 Ala. 39, 68 So.2d 834 (1953); Wood v. Wood, 275 Ala. 439, 154 So.2d 661 (1963); Melvin v. Furr, 275 Ala. 428, 155 So.2d 593 (1963).

2a. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910); Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944).