Betty L. KESSIMAKIS, Plaintiff and Respondent,

v.

Dale M. KESSIMAKIS, Defendant and Appellant.

No. 15387.

Supreme Court of Utah.

June 2, 1978.

---

1. *Commonwealth National Bank v. Kennedy Co.*, 29 Utah 2d 83, 505 P.2d 298; 66 C.J.S. New Trial § 75, 240.

Ryberg & McCoy, Salt Lake City, for defendant and appellant.

Brant H. Wall, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

In 1974 respondent Betty L. Kessimakis (hereinafter "Betty") filed a complaint against appellant Dale M. Kessimakis (hereinafter "Dale") for divorce. Dale signed an entry of appearance and waiver, in which he waived the time to answer or otherwise plead and consented to an entry of his default and judgment in accordance with the demand of the complaint. Default judgment was entered, awarding Betty custody of three minor children subject to reasonable visitation rights. The parties' property was divided which division Dale now claims was inequitable in favor of Betty. Dale was also required to pay $100 per month for the support of each minor child, $200 per month alimony, debts incurred by the parties during the course of the marriage, and $500 attorney's fees.

In 1975 Dale filed a motion to set aside the default divorce which motion was denied. The order denying that motion was appealed to this Court and we affirmed[1] on the grounds that the motion to set aside the default judgment was not timely and an abuse of discretion had not been shown. Subsequently, Dale filed a motion to modify the divorce decree under the court's continuing jurisdiction of U.C.A., 1953, 30–3–5. At about this same time, Betty petitioned the court that Dale be ordered to show cause why he should not have judgment entered against him for awards given in the original decree and why he should not be held in contempt. The matters were heard together. The trial court gave judgment for Betty in the amount of $16,391.40, found Dale in contempt of court, and denied his motion to modify. On appeal, Dale now claims error in the court's refusal to modify the decree and in finding him guilty of contempt. Furthermore, he asks that this Court fix a reasonable time for him to pay on the judgment for arrearages and suspending payment of alimony and support money during that period.

■ Dale's first claim concerns the trial court's refusal to modify the original divorce decree. This Court is clearly committed to the proposition that in order to modify a prior decree the moving party must show a substantial change of circumstances.[2] In the absence of such a showing, the decree shall not be modified and the matters previously litigated and incorporated therein cannot be collaterally attacked in face of the doctrine of res judicata.[3] Consequently, Dale's attempt to challenge the equity of the original decree cannot be tolerated.

■ The trial court concluded that there has not been any significant change in circumstances since the entry of the original decree. The only change which has occurred is that Dale no longer has income from a quail business ($1,000 to $2,000 per year), having sold his breeding stock and cages shortly after the divorce decree was entered. Dale testified at trial as follows:

Q. The only difference [in conditions since divorce entered] has been the fact that you are not raising any quail at this time; isn't that true?

A. Yes.

1. *Kessimakis v. Kessimakis,* Utah, 546 P.2d 888 (1976).

2. *Gale v. Gale,* 123 Utah 277, 258 P.2d 986 (1953).

3. *McLane v. McLane,* Utah, 570 P.2d 692 (1977).

Q. Other than that, your income is essentially the same today as it was then?

A. It's a little higher now because of my wages being changed.

Q. Your wages have gone up each year; is that correct?

A. Yes.

The record supports the trial court's decision.

■ The challenge to the contempt judgment must likewise fail. The trial court found that Dale had refused, failed and neglected to pay various obligations under the original decree and concluded that Dale's acts, conduct and omissions were contemptuous. The court sentenced Dale to 30 days in jail with said sentence suspended upon the condition that he make some reasonable effort to pay the arrearages and meet monthly support and alimony obligations as required by the court.

The court has the power to find a person in contempt of the authority of the court for disobedience of any lawful judgment, order or process.[4] Disobedience of a valid, lawful order, in proper form and regularly entered in a divorce case, is a contempt of court.[5] On appeal, Dale claims an absence of the elements of willfulness and ability to pay. The defense of inability to comply with a court order is only effective where the person charged exercises due diligence towards compliance.[6] The trial court specifically found Dale to have refused, failed and neglected to pay the obligations imposed by the earlier judgment, signifying a lack of due diligence. The trial court has considerable discretion in determining the penalty for contempt[7] which decision we are herein inclined to affirm, particularly in view of the fact that Dale has been afforded a means by which he may purge himself of the contempt found.

■ The final point raised is whether or not the decree should be modified to allow Dale to pay the judgment over a period of time and that while doing so, the accrual of further alimony and support payment should be suspended. Although this Court can review both the facts and the law in equity cases such as this, a party cannot raise a point for the first time on appeal.[8] The district court retains continuing jurisdiction to make subsequent changes or new orders with respect to the support and maintenance of the parties as shall be reasonable and necessary.[9] Especially in light of the court's ruling on the issue of contempt, wherein it conditioned sentence upon Dale's making some reasonable effort to pay the obligations, the court may well be receptive to Dale's proposal. But that is within the trial court's discretion and not to be raised here for the first time.

Affirmed. Costs to Betty.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

4. U.C.A., 1953, 78–32–1(5).

5. *Foreman v. Foreman,* 111 Utah 72, 176 P.2d 144 (1946).

6. *Brown v. Cook,* 123 Utah 505, 260 P.2d 544 (1953).

7. U.C.A., 1953, 78–32–10; *Harris v. Harris,* 14 Utah 2d 96, 377 P.2d 1007 (1963).

8. *Riter v. Cayias,* 19 Utah 2d 358, 431 P.2d 788 (1967).

9. U.C.A., 1953, 30–3–5.