Pamela Sue **HOLDERNESS** (Moore), Respondent-Appellant,

v.

Russell **HOLDERNESS**, Petitioner-Appellee.

In re the **CHILD SUPPORT OF** Terrance Lee **HOLDERNESS**, Casey Lynn Holderness, and Shawn Michael Holderness.

No. 1–283A37.

Court of Appeals of Indiana, First District.

Dec. 10, 1984.

---

Michael Bullington, Good, Bertram & Bullington, Indianapolis, Ralph Ogden, Denver, Colo., for respondent-appellant.

G. Michael Loveall, Mark S. Boyll, Jones, Loveall & Johnson, Franklin, for petitioner-appellee.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Two cases were consolidated by the Johnson Superior Court for the purposes of this appeal. Cause No. SC–74–491 is an appeal from the trial court's refusal to set aside an agreed entry terminating the parental rights and responsibilities of Russell Holderness (Russell). Cause No. SC–82–292 is an appeal of the same court's dismissal of the Holderness children's petition for child support on the ground that the petition failed to state a claim upon which relief could be granted.

We determine that the agreed entry is a nullity and thus reverse on the basis of Cause No. SC–74–491 alone.

### STATEMENT OF THE FACTS

Russell and Pamela Sue Holderness Moore (Pamela) were divorced on November 12, 1974. They had three children. Custody of the children was awarded to Pamela and Russell was ordered to pay child support in the amount of $35.00 per week.

On January 22, 1982, Pamela and Russell entered into the following Agreed Entry:

"Comes now Respondent, Pamela Sue Holderness Moore, in person and by counsel, Franklin W. Arkenberg, and comes also Petitioner, Russell Holderness, Jr., in person and by counsel Michael Loveall, and agree as follows:

1. That all parental rights and obligations of Petitioner, Russell Holderness, Jr., are hereby terminated.

2. That all past due support is hereby waived and released.

3. That a petition for the adoption of the minor children of the parties shall be filed by the husband of Respondent, Pamela Sue Holderness Moore.

4. That the wage assignment heretofore ordered against Russell Holderness, Jr., is hereby released.

5. That Petitioner, Russell Holderness, Jr., agrees to pay attorney fees in the sum of One Hundred Fifty Dollars, ($150.00), plus Court costs, directly to Respondent's attorney Franklin W. Arkenberg, within thirty (30) days.

/s/ Pamela Sue Holderness Moore
Pamela Sue Holderness Moore

/s/ Franklin W. Arkenburg
Franklin W. Arkenburg

/s/ Russell L. Holderness, Jr.
Russell L. Holderness, Jr.

/s/ Michael Loveall
/s/ Michael Loveall

---

At the bottom of the Agreed Entry, the trial judge made the following notation:

'ACCEPTED,

January 22, 1982

/s/ Robert E. Smith

JUDGE, JOHNSON SUPERIOR COURT' "

Both the Agreed Entry and the judge's notation were transferred to the court's order book for January 22, 1983.

Although the entry stated that Pamela's second husband would file a petition for adoption of the children, he did not do so; instead, he sought and obtained a divorce from Pamela shortly after the agreement was made.

On June 22, 1982, Pamela moved to set aside the Agreed Entry. The bases of the motion were first, that the Agreed Entry is contrary to law and void as not being in compliance with IND.CODE 31–6–5–1 et seq., governing termination of the parent-child relationship; and second, that the termination was contingent upon the filing of the adoption papers. .

Russell moved to dismiss Pamela's motion for the reason that the motion failed to state a claim for relief inasmuch as Russell's parental rights were terminated pursuant to the Agreed Entry. The trial court denied Pamela's motion to set aside on August 17, 1982.

On October 8, 1982, the children filed a petition for child support pursuant to IND. CODE 31–1–11.5–4. In response, Russell filed another motion to dismiss, alleging that the children had no right to support from him because his parental rights and responsibilities had been terminated. The trial court granted Russell's motion to dismiss on March 30th and later entered final judgment against the plaintiffs.

ISSUE

The only issue we need address concerns the validity of the Agreed Entry: did the trial judge have jurisdiction to terminate the rights and responsibilities of one parent in the context of a divorce proceeding?

DISCUSSION AND DECISION

The Indiana legislature has provided for the exclusive method of terminating parental rights. IND.CODE 31–6–5–1 et seq. is entitled "Termination of the Parent-Child Relationship": Sections 2 and 3 provide the procedures to be followed for termination where the parents consent, and Section 4 sets out the procedures for involuntary termination. Kiefer, Commentary, "Juvenile Law", IND.CODE Tit. 31 (1979). The only other method of extinguishing parental rights is indirect, through the adoption procedure. In an adoption proceeding, the parental rights are irretrievably terminated once the decree of adoption has been entered. IND.CODE 31–3–1–6(f).

Since, in the instant case, Pamela's second husband never filed the adoption petition, the only method remaining for terminating Russell's parental rights is the statutory procedure described in IND.

CODE 31–6–5–2. We further note that the first provision of the Agreed Entry states that Russell's parental rights are "hereby *terminated*".

IND.CODE 31–6–5–2 provides the procedures to be followed for a voluntary termination of parental rights. "Specifically, termination severs all parental rights . . . and, consequently, this section requires the filing of a formal petition, consent by both parents, preparation of a satisfactory plan for the child by the county department of public welfare or a licensed child placing agency, and a determination by the court that termination is in the child's best interests." Kiefer, Commentary, IND.CODE 31–6–5–2 (1979). The petition is filed in juvenile court. IND.CODE 31–6–5–2(a).

Clearly the exclusive statutory procedure for a voluntary termination of parental rights was not followed by Pamela and Russell when they drafted and signed the Agreed Entry. Pamela and Russell drew up the agreement in contemplation of her second husband's adoption of the children and the trial judge merely accepted it. The document was filed under the 1974 divorce cause number and thus was considered a modification of the support agreement. The divorce court is without jurisdiction to terminate Russell's parental rights. "The jurisdiction of any court over an adoption proceeding or termination of parental rights is predicated upon the filing of a petition with the court." *Sanders v. Sanders*, (1974) 160 Ind.App. 174, 310 N.E.2d 905, 908. Subject-matter jurisdiction was not conferred upon the divorce court in the instant case simply because Pamela and Russell came to an understanding.

Furthermore, the common-law duty and obligation of a father to assist in the support of his children has been long-recognized in Indiana. *Taylor v. Taylor*, (1982) Ind. 436 N.E.2d 56; *Bill v. Bill*, (1972) 155 Ind.App. 65, 290 N.E.2d 749; *Crowe v. Crowe*, (1965) 247 Ind. 51, 211 N.E.2d 164; *McCormick v. Collard*, (1937) 105 Ind.App. 92, 10 N.E.2d 742. Decisions have consistently held that parents may not by agreement deprive their children of the support granted by a divorce decree. *Corbridge v. Corbridge*, (1952) 230 Ind. 201, 102 N.E.2d 764, 767. "Parents cannot barter away the right of a minor child to support." *Riding v. Riding*, (1958) 8 Utah 2d 136, 329 P.2d 878, 881. *See Herb v. Herb*, (1960) 251 Iowa 957, 103 N.W.2d 361; *Pappas v. Pappas*, (1956) 247 Iowa 638, 75 N.W.2d 264.

"The duty of parents to provide necessary support, care, and maintenance for their children, although arising out of the fact of their relationship, may be rested also upon the interest of the state as parens patriae of children and of the community at large in preventing them from becoming a public burden, and is, therefore, a duty not only to themselves, but to the public as well. This duty is at the same time a legal and natural obligation, the consistent enforcement of which is equally essential to the well-being of the state, the morals of the community, and the development of the individual."

59 Am.Jur.2d *Parent and Child*, Sec. 51.

Currently, Pamela is receiving no child support for her children from any source, except for some aid to dependent children payments. (R. 6).

The Agreed Entry is a nullity. The trial court's denial of Pamela's motion to set aside the Agreed Entry is reversed.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.