In the Matter of the Termination of the Parent-Child Relationship of Infant LANEY, a Child and Deller L. Laney and Everett Wade, His Parents.

Everett WADE, Appellant
(Respondent-Father),

v.

CATHOLIC SOCIAL SERVICES,
Appellee (Petitioner).

No. 3–785A189.

Court of Appeals of Indiana,
Third District.

Feb. 20, 1986.

Rita Parsons, South Bend, for appellant.

George E. Herendeen, South Bend, for appellee.

HOFFMAN, Judge.

■ Appellant Everett Wade appeals the ruling of the St. Joseph County Probate Court terminating his parental rights. Three issues as determined at a pre-appeal conference are presented:[1]

"A. Whether it was plain error for the court below to involuntarily terminate Respondent-Appellant's parental rights in a proceeding which was brought by Appellee-Petitioner, a private child placement agency, without statutory authorization, and without following proper statutory procedures;

B. Whether the irregularity of the proceedings deprived Respondent-Appellant of his statutory and Constitutional right to notice of any adoption proceedings involving his son, pursuant to I.C. 31–3–1–6(e) and decided Indiana cases;

C. Whether the trial court erred as a matter of law in refusing Respondent-Appellant's request, pursuant to I.C. 31–6–7–2, to have court-appointed counsel in proceedings for involuntary termination of his parental rights."

Because of our disposition based on issues A and C, issue B is not addressed.

The infant Laney was born December 28, 1984. On January 22, 1985 the child's unwed mother, Deller Laney (Laney) signed documents voluntarily relinquishing her parental rights, transferring custody to Catholic Social Services and consenting to the adoption of the infant. At the same time, Laney signed an affidavit naming Wade as the father of the child. On February 1, 1985 Catholic Services filed a petition to terminate the parent-child relationship of the infant and Laney and appellant.

The petition filed in this case was captioned "IN THE MATTER OF THE TERMINATION OF PARENT–CHILD RELATIONSHIP OF INFANT LANEY, A CHILD, AND DELLER L. LANEY AND EVERETT WADE, HIS PARENTS." The petition sought a determination that Laney's relinquishment was voluntary and a termination of the rights of Wade. The petition also requested notice to issue of the proceedings. Notice was served on appellant indicating a March 1, 1985 hearing concerning termination of the parent-child relationship. The hearing on March 1, 1985 was continued until March 5, 1985 at the request of appellant in order to retain counsel. On March 5, 1985 appellant appeared without counsel and requested appointment of same. The court while recognizing appellant's lack of resources, denied appointment of counsel on the basis the proceeding was civil, not criminal. The court indicated to appellant that he had no standing in the proceeding as he had not established his paternity through a legal action. No evidence was presented and the court granted appellee's petition. The order issued in the matter indicated findings that Laney's consent was voluntary and that appellant as putative father did not consent, made no objection and was foreclosed from objecting to an adoption of the infant pursuant to IND.CODE § 31–3–1–6.-1.

---

1. Appellee states that the appellant's statement of the issues is inaccurate. Appellee's brief, page 1. However appellant has stated the issues as indicated in the Order Upon Pre-Appeal Conference and pursuant to Rules of Appellate Procedure, Rule 2(C)(3) the order, when entered, governs the course of appeal.

The statutes provide three methods of terminating parental rights. As was stated in *Holderness v. Holderness* (1984), Ind. App., 471 N.E.2d 1157, 1159:

"The Indiana legislature has provided for the exclusive method of terminating parental rights. IND.CODE § 31–6–5–1 et seq. is entitled 'Termination of the Parent-Child Relationship': Sections 2 and 3 provide the procedures to be followed for termination where the parents consent, and Section 4 sets out the procedures for involuntary termination. Keifer, Commentary, 'Juvenile Law', IND.CODE Tit. 31 (1979). The only other method of extinguishing parental rights is indirect, through the adoption procedure. In an adoption proceeding, the parental rights are irretrievably terminated once the decree of adoption has been entered. IND. CODE 31–3–1–6(f)."

First, IND.CODE § 31–6–5–4 provides for an involuntary termination of parental rights to children found to be delinquent or in need of services. This action can be filed only by the attorney for the county department or the prosecutor and is inapplicable to the present case.

IND.CODE § 31–3–1–6 *et seq.* provides a procedure for adoption the result of which is termination of parental rights. *Holderness v. Holderness, supra.* Section 31–3–1–6 states that a petition for adoption can be granted only if consented to by the parent(s) or custodian unless within one of the categories listed in § 31–3–1–6(g) in which consent is not required. Section 31–3–1–6(g)(2) stipulates that consent is not required of a natural father of a child born out of wedlock whose paternity has not been established by a court proceeding. However, IND.CODE § 31–3–1–6.1 provides a means by which, at the request of a child placing agency or other interested party, a nonconsenting putative father may be noticed and a hearing held to address the objections the putative father may have to adoption of the child. At the hearing, the court is to determine the merits of the objections and claims of the putative father. Thus the putative father may raise the issue of paternity at this proceeding which is actually an adoption proceeding, and, if he fails to object at this time, he is foreclosed from objecting at a later time. If the putative father establishes his paternity, he will acquire authority to terminate the adoption. *In Re Adoption of Infant Male* (1978), 177 Ind.App. 138, 378 N.E.2d 885, 888; *Unwed Father v. Unwed Mother* (1978), 177 Ind.App. 237, 379 N.E.2d 467, 471.

■ The order of the trial court indicated the rights of appellant were terminated pursuant to the above adoption statutes. Under a prior statutory scheme, an adoption need not have been pending to terminate parental rights, IND. CODE 1971, § 31–3–1–7 (repealed Acts 1978, P.L. 136, Sec. 57), and parental rights could be terminated simply to facilitate later adoption. *In re Johnson* (1981), Ind.App., 415 N.E.2d 108, 111, *reh. denied.* Upon repeal of IND.CODE § 31–3–1–7 the language allowing preadoption termination of rights was not retained in the new termination of parental rights statutes added by Acts 1978, P.L. 136, Sec. 1, and codified at IND. CODE § 31–6–5–2. Therefore, since there was no adoption petition pending, the only method for terminating appellant's parental rights was the procedure set out in IND. CODE § 31–6–5–2. *Holderness v. Holderness, supra.*

Pursuant to IND. CODE § 31–6–5–2, a termination proceeding may be instituted by the filing of a petition by the county department or a licensed child placing agency when both parents have consented to the termination, IND. CODE § 31–6–5–2(a), or when one parent has given such consent and the other parent is unavailable, IND. CODE § 31–6–5–2(f). The nonconsenting parent can be defaulted and have her/his rights terminated if he/she fails to appear after notice has issued by the most effective means possible. IND. CODE § 31–6–5–2(f). In conjunction with the statute, IND. CODE § 31–6–5–3 enumerates a list of rights of which the parent need be advised before a termination under § 31–6–5–2 is accepted. IND. CODE § 31–

6–5–2(d). Among the rights listed in Section 3 is the right to have the state provide counsel if necessary in any procedure to terminate parental rights against the parent's will. IND. CODE § 31–6–5–3(7).

■ The appellee had authority to institute the present action pursuant to IND. CODE § 31–6–5–2(f) as they had the valid consent of one parent and were seeking a determination as to the rights of the other named parent before the initiation of an adoption proceeding. However, the statute is silent as to the appropriate procedure to follow if the nonconsenting parent appears after being noticed pursuant to IND. CODE § 31–6–5–2(f). Reading the other termination statues in conjunction with § 31–6–5–2(f), the situation is similar to that addressed by IND. CODE § 31–3–1–6.1 wherein the natural mother has consented to the adoption but the putative father has not. Therefore, the hearing to be held when a nonconsenting parent appears after notice pursuant to IND. CODE § 31–6–5–2(f) should be conducted in the same manner as that pursuant to an IND. CODE § 31–3–1–6.1 proceeding. The respondent has the burden of proof as to paternity as he would in the § 31–3–1–6.1 proceeding. *Sandoval v. Hamersley* (1981), Ind.App., 419 N.E.2d 813, *trans. denied; In Re Adoption of Infant Male, supra.* If the respondent does not establish paternity, no further action will be necessary. If the respondent does establish paternity, the court must, in order to facilitate an adoption, terminate his rights in accordance with the termination of parental rights statutes when an adoption is pending, IND. CODE § 31–3–1–6, or when consent has been given, IND. CODE § 31–6–5–2, or when there has been a finding of delinquency or child in need of services, IND. CODE § 31–6–5–4; or an adoption may be possible without the consent of the parent pursuant to IND. CODE § 31–3–1–6(g).

■ In addition because the type of proceeding involved contemplates the termination of the parental rights of respondent either in a direct or indirect manner, respondent is entitled to counsel, provided by the state if necessary, from the onset of the proceeding. *See*, IND. CODE § 31–6–7–2(b) for the general provision for appointed counsel in all termination of parental rights cases and IND. CODE § 31–6–5–3(7) for the appointment of counsel in nonvoluntary termination of parental rights cases.

■ Because the trial court denied the appellant standing during the termination of parental rights hearing and thus denied appellant an adequate opportunity to establish his paternity, and because the trial court denied the appellant's request for court-appointed counsel, the decision of the trial court is reversed. The cause is remanded for appointment of counsel, a hearing in which appellant may attempt to establish his paternity and any further proceedings necessary.

Reversed and remanded.

STATON, P.J., concurs.

GARRARD, J., dissents with opinion.

GARRARD, Judge, dissenting.

As the majority points out there are three distinct authorizations in Indiana for the termination of parental rights.

The adoption statute, IC 31–3–1–1 et seq., permits an adoption to be granted without the consent of the natural father of a child born out of wedlock whose paternity has not been established by a court proceeding. IC 31–3–1–6(g)(2). I agree with the majority that the adoption statute does not apply in this proceeding because no current adoption was being sought. *See* IC 31–3–1–1 (petition only authorized by person(s) proposing to adopt.)

Secondly, IC 31–6–5–2 authorizes the county department or a licensed child placing agency to petition "for the *voluntary* termination of the parent-child relationship if requested by *the parents.*" (emphasis added).

I believe the majority has misread and thereby overextended the meaning of subsection (f) [IC 31–6–5–2(f)] when it states that this statute permits termination "when

one parent has given such consent and the other parent is unavailable."

The opening paragraph restricts the section's operation to instances concerning voluntary terminations requested by both parents. Pursuant to subsection (a) the petition *must* allege that:

"(2) the parents, including the alleged or adjudicated father if the child was born out of wedlock, knowingly and voluntarily consent to the termination of the parent-child relationship;"

Then subsection (c) requires:

"The parents must give their consent in open court unless the juvenile court makes findings of fact upon the record that:

(1) the parents gave their consent in writing before a person authorized by law to take acknowledgements;

(2) they were notified of their constitutional and other legal rights and of the consequences of their actions under section 3 of this chapter; and

(3) they failed to appear."

Thus, it appears to me that a plain reading of the statute authorizes its application only to cases where both parents (including a putative father) have consented to a termination. Subsection (f) does not alter that requirement. It only relieves the petitioner of the requirement that an absent parent consent *in open court*, and only permits that departure where the absent parent has at some time given his or her consent "in writing before a person authorized by law to take acknowledgements."

It is undisputed that Wade did not consent in open court and that he gave no written consent.

Therefore, the court could not grant a termination pursuant to IC 31–6–5–2.

Finally, IC 31–6–5–4 provides for involuntary termination of parental rights to delinquent children and children in need of services. As the majority points out, a petition under this section may only be instituted by the attorney for the county department or the prosecutor. Therefore, it is inapplicable here.

There being no basis for maintaining the proceeding, the judgment should be reversed and the petition be dismissed.