1999 Utah Ct. App. 362

**In the Matter of the ADOPTION OF J.J. and S.J., minors.**

**T.J., Appellant,**

v.

**State of Utah, Appellee.**

**No. 990217–CA.**

Court of Appeals of Utah.

Dec. 9, 1999.

Jonathan B. Pace, Weber County Public Defender's Assoc., Ogden, for Appellant.

Jan Graham, Atty. Gen., Carol L. Verdoia and John Peterson, Atty. Gen.'s Office, Salt Lake City, for Appellee.

Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before WILKINS, P.J., and BENCH and BILLINGS, JJ.

## OPINION

PER CURIAM:

¶ 1 In May 1997, relatives of J.J. and S.J. filed a petition in district court to adopt them. T.J., the children's mother, signed a relinquishment of parental rights believing her children would be adopted by the relatives. The adoption proceedings in district court were ultimately dismissed for failure to prosecute, and the State took custody of the children. At about that same time, the State moved, in juvenile court, to terminate the parental rights of the children's father. T.J. appeared in juvenile court and asked for reunification services. The juvenile court denied this request because T.J. had relinquished her parental rights in the context of

the district court adoption proceedings and because it did not believe it had authority to set aside the relinquishment. T.J. then asked the district court to set aside her relinquishment. It refused. T.J. appeals this decision arguing that because the adoption was never finalized, it was error for the district court not to vacate the order relinquishing her parental rights.

¶ 2 The State and Guardian Ad Litem confess error. They concede that because the adoption did not go through, T.J.'s relinquishment of her parental rights in the context of the anticipated adoption cannot form the sole basis for terminating her parental rights. *See Riding v. Riding,* 8 Utah 2d 136, 329 P.2d 878, 880 (1958). We agree.

¶ 3 T.J.'s relinquishment of her parental rights specifically contemplated a completed adoption by specified relatives. That adoption never occurred. Moreover, a district court generally does not have authority to terminate parental rights, which in effect it did by refusing to set aside T.J.'s relinquishment after the contemplated adoption fell through. The authority to terminate parental rights lies primarily with the juvenile court. *See* Utah Code Ann. § 78–3a–104(1)(f) (Supp.1999). In adoption proceedings, district and juvenile courts have concurrent jurisdiction "when the juvenile court has previously entered an order terminating the rights of a parent, and finds that adoption is in the best interest of the minor." *Id.* § 78–3a–105(1)(b). Similarly, in the context of a contested adoption, the district court may terminate a contesting parent's rights "in accordance with the provisions of [the adoption chapter] or Title 78, Chapter 3a, Part 4, Termination of Parental Rights Act." *Id.* § 78–30–4.16(1)(b) (1996); *see also, In re Adoption of B.O.,* 927 P.2d 202, 205 (Utah Ct.App.1996) (determining district court had jurisdiction to terminate parental rights in context of an adoption proceeding). In this instance, neither the juvenile court nor the district court has addressed the question of whether T.J.'s parental rights should be terminated. In fact, no evidence has been taken regarding T.J.'s fitness to parent or the best interests of the children.

¶ 4 Because the district court was without authority to terminate T.J.'s parental rights under the circumstances of this case, it must set aside T.J.'s "Verified Relinquishment of Parental Rights and Consent to Adopt" and the "Order Relinquishing [T.J.'s] Parental Rights." We reverse the district court's denial of T.J.'s motion to vacate the order relinquishing her parental rights, and remand for further proceedings consistent with this decision.

¶ 5 Reversed and remanded.