406 P.2d 302

**Dennis EARL, Plaintiff and Respondent,**

v.

**Lanette Winder EARL, Defendant and Appellant.**

**No. 10313.**

Supreme Court of Utah.

Oct. 8, 1965.

Richard B. Woolley, Salt Lake City, for appellant.

Robert M. McRae, Salt Lake City, for respondent.

WADE, Justice.

This appeal is from the provisions of the decree of divorce granted Dennis Earl, plaintiff below and respondent herein, wherein appellant Lanette Winder Earl was granted the custody of the couple's minor child subject to visitation rights of respondent Dennis Earl; $50.00 per month for a period of six months or until remarriage or upon employment of appellant, whichever is sooner, as alimony; and $50.00 per month support money for the minor child so long as appellant Lanette is a resident of the State of Utah so that respondent Dennis can exercise his visitation rights.

The record discloses that Dennis Earl commenced divorce proceedings against Lanette Winder Earl who filed an answer and counterclaim. The matter came on for trial on April 8, 1964, at which time, as appears from a minute order entered that day, appellant withdrew her answer and counterclaim and stipulated that her default be entered. After respondent was sworn and examined, the minute order further discloses that the court determined that the divorce be granted to respondent; that the custody of the minor child be given to appellant herein; that respondent pay appellant $50.00 per month alimony and $50.00 per month support money; and respondent was to have visitation rights.

Before findings of fact, conclusions of law and decree in accordance with the above

minute order were prepared and signed by the court, the attorney for respondent passed away. Respondent's present counsel thereafter filed a motion for a new trial, or in the alternative, for further trial, or in the alternative, to be relieved from the findings or order of the court. It was alleged in such motion that respondent herein understood from his former attorney that the case had been "settled" and tried upon stipulation of the parties but that the minute order entered therein was erroneous in that it did not accurately reflect the terms of the divorce. Respondent further alleged that appellant was only to receive $50.00 per month alimony until she could obtain employment and that the sum of $50.00 per month was awarded as child support "with rights of visitation" in respondent which rights appellant has not honored and the minute entry evidence of such order by the Court makes no provision for the guarantee or enforcement of such rights; and appellant has removed herself from the State of Utah thus making it impossible for respondent to avail himself of his visitation rights with the minor.

The court denied respondent's motion for a new trial or for further trial but ordered that the Findings of Fact be amended to include the order that appellant be awarded alimony of $50.00 per month for a period not exceeding 6 months, and that the support money is only to be paid so long as appellant is a resident of the State of Utah and makes the minor child available to respondent for visitation purposes. A Decree of Divorce in conformity with these amended Findings of Fact was signed and entered by the court.

Appellant contends that the evidence is insufficient to support the amended decree relieving the respondent father from the payment of support money for his minor child so long as that child resides outside the State of Utah. We agree.

 Although no formal decree of divorce had been entered before the court amended its order, the minute order contained no limitation on the payment of support money granted for the child. The fact that the order granted the respondent father visitation rights carried no implication with it that the appellant mother was prohibited from removing the child from the jurisdiction of the court [1] so as to ensure such rights to the father. Though it be conceded that under proper circumstances a court might make the payments for support money dependent upon a child's custodian making the child available for visitation rights,[2] the right of a child to support is a paramount right which it possesses quite apart from any consideration relating

1. Ex parte Vaughn, 205 Ala. 296, 87 So. 792, and Barnes v. Lee, 128 Or. 655, 275 P. 661.

2. Baker v. Baker, 119 Utah 37, 224 P.2d 192, and McClure v. Dowell, 15 Utah 2d 324, 392 P.2d 624.

to the conduct of its divorced parents. The mere removing of the child from the jurisdiction is not sufficient in the absence of further evidence as to the reasons for such removal to sustain an order changing the right to support payments. For aught that appears in this record the removal of the child might have been for its best interests and not done merely for the purpose of evading or thwarting the court's order that the father be granted reasonable visitation rights. We conclude therefore that a hearing be accorded the parties at which evidence can be presented to determine whether it is necessary or desirable in order to ensure the visitation rights granted respondent father that the support money payments be dependent upon the availability of the child for the visitation rights granted to him.

■ Appellant's counsel has requested that this court award appellant attorneys fees for the use and benefit of said counsel for the appeal to this court. We are of the opinion that since this matter is to be remanded to the District Court for a hearing that the matter of attorneys fees should be left to that court for decision.

Reversed, with directions to grant a hearing in accordance with this opinion. Costs to appellant.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.