**Kirt OVERSON, Plaintiff and Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a/k/a USF & G, an insurance company, Defendant and Respondent.**

**No. 15470.**

Supreme Court of Utah.

Nov. 14, 1978.

Philip R. Fishler, of Strong & Hanni, Salt Lake City, and LeKay G. Jackson, of Jackson & Jackson, Delta, for plaintiff and appellant.

George A. Hunt, of Snow, Christensen & Martineau, Salt Lake City, for defendant and respondent.

---

1. Eastman v. Eastman, Utah, 558 P.2d 514.

HALL, Justice:

This is a declaratory judgment action filed by plaintiff ("Overson") against defendant insurer ("USF & G") to determine the effect of coverage provisions of an insurance policy.

Overson was insured under a general liability policy issued by USF & G designed to protect against losses that might occur in construction projects. The policy excluded certain types of loss from coverage including the following clauses which are the focus of this appeal:

This insurance does not apply:

\* \* \* \* \* \*

(k) to property damage to

\* \* \* \* \* \*

(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

\* \* \* \* \* \*

(o) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith;

\* \* \* \* \* \*

Overson had sub-contracted to construct two quonset-type metal buildings to be used for potato storage. Other sub-contractors were engaged to furnish the steel, footings, foundations and electrical work, to pour concrete, to provide certain carpentry work, and the like. When almost completed, one of the buildings was totally destroyed by fire. The general contractor had directed Overson to enlarge two louvred ventilation panels. When Overson's employees encountered difficulty in removing one of the panels, an acetylene torch was used in an attempt to cut the head off a stripped bolt. The flame from the torch suddenly ignited the foam insulation and the building was totally destroyed within minutes. The employees of Overson were the only people in and around the building at the time of the incident.

Overson sued USF & G to determine whether the fire loss was covered by the policy. USF & G's motion for summary judgment was denied and the matter was tried to a jury. After plaintiff's case, the trial court directed a verdict and dismissed the action with prejudice, deciding that, as a matter of law, the policy did not cover the fire loss due to the clear, unambiguous language of the policy exclusions. Overson appeals, asserting that (1) the policy was ambiguous; and (2) there was a jury question as to who had "care, custody or control."

Overson cites a number of cases which interpret language similar to that contained in clause (k) as being ambiguous. However, each case cited addresses close factual questions, not present here, as to whether or not the property was actually in the insured's care, custody or control at the time of the accident. In the instant case it appears that the facts are clear (i. e., Overson's control) and the exclusionary language of the policy is clear, such that the former is included within and subject to the latter. Language such as was used in the policy here generally has been said to be clear and unambiguous. This is reflected in *Hill v. United States Fidelity and Guaranty Co.,*[1] wherein the court stated:

We think the exclusion clause of the policy which provides that said policy does not offer indemnity for damage to "Property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising control," is clear and unambiguous and, as has been stated in many cases, the Courts will not create an ambiguity where none exists.

Likewise, there is no factual dispute as to clause (o) in the matter before us. The damage in question was property damage to work performed by the insured (erecting and insulating building) which arose out of work done by the insured employees (cutting bolt and removing louvres) and materials supplied by the insured (foam insulation).

1. 48 Tenn.App. 419, 348 S.W.2d 512 (1961). See also *Madden v. Vitamilk Dairy, Inc.,* 59 Wash.2d 237, 367 P.2d 127 (1961), and 62 A.L. R.2d 1242.

■ All of these facts being undisputed, there is no genuine issue of fact to be resolved. The accepted principle is that the interpretation of a contract's language is usually a law matter.[2] This principle was articulated in the case of *Central Credit Collection Control Corp. v. Grayson*[3] as follows:

> Interpretation of a written contract is usually a question of law for the court. If its terms are clear and unambiguous, summary judgment is proper. Even where some ambiguity exists in the contract, resolution of the ambiguity is still a question of law for the court, unless contradictory evidence is presented to clarify the ambiguity.

■ Therefore, because there is no dispute as to material fact the court could properly have granted USF & G's motion for summary judgment. That such preliminary motion was denied does not show the existence of a fact issue which would preclude a subsequent directed verdict.[4]

The judgment is affirmed with costs on appeal to USF & G.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

2. *Pacific States Cast Iron Pipe Co. v. Harsh Utah Corp.*, 5 Utah 2d 244, 300 P.2d 610 (1956).

3. 7 Wash.App. 56, 499 P.2d 57 (1972).

4. *Richardson v. Grand Central Corp.*, Utah, 572 P.2d 395 (1977).