**Joyce M. DESPAIN, Plaintiff and Respondent,**

v.

**Robert V. DESPAIN, Defendant and Appellant.**

**No. 16387.**

Supreme Court of Utah.

April 11, 1980.

David S. Dolowitz of Parsons, Behle & Latimer, Salt Lake City, for defendant and appellant.

Richard G. Cook, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant Robert Despain takes this appeal from two post-divorce orders of the district court: the first denying his motion to condition the payment of child support upon plaintiff's compliance with his right of visitation, and the second ordering him to provide to plaintiff Joyce M. Despain an accounting of a certain trust set up by the parties, and to pay over to plaintiff the income therefrom and an amount equal to one-half the value of the res of said trust as of the termination date thereof.

In the original divorce proceeding, the parties avoided a trial by entering into an agreement entitled "Stipulation and Property Settlement Agreement" which was duly presented to, and accepted by, the court and incorporated into the decree of divorce dated November 24, 1976. The provisions of that agreement, where relevant here, may be summarized as follows. Plaintiff received the care, custody, and control of two children still in minority, Susan Despain and Eric Despain, subject to reasonable visitation rights in the defendant, which visitation rights were subjected to certain minimums not important here. Defendant agreed to pay to plaintiff $1,500 per month: $500 as alimony, and $500 for the support of each of the two minor children until they reach the age of majority, and for so long thereafter as they continued to reside with plaintiff and were enrolled as full-time students. Payment for books and tuition for the children, stated the agreement, had "already been made" in the form of a trust agreement entered into by the parties July 1, 1967, establishing certain property[1] as the trust res, and splitting the income thereof into three separate funds, each of

---

1. The trust res consisted of certain real property located in Fillmore, Millard County, Utah.

which was to pay the educational expenses of the parties' three children, respectively.[2] By its terms, the trust terminated on June 30, 1978, at which time the income remaining in the three funds was to be paid to the respective beneficiaries, the res reverting to the parents as grantors, or the survivor thereof. The agreement further provided, at paragraph 10, that in exchange for the payment of $75,000, plaintiff would relinquish all claim of right in R & D Investment Company, a limited partnership in which defendant was involved, all claim which she might have against defendant's pension and profit sharing plan, "as well as relinquishing any and all other claims against the defendant so as to constitute a complete separation and division of the marital estate between the plaintiff and defendant."

On June 12, 1978, defendant, by affidavit, declared to the court that plaintiff was not complying with the terms of the decree of divorce regarding reasonable visitation rights, in that she was allegedly interfering with his rights of visitation with Eric Despain. The court issued a show-cause order thereon, and following a hearing on the matter, ordered that an evaluation report be prepared. Pending the results thereof, on August 10, 1978, defendant moved the court to modify the decree of divorce by terminating all right to child support payments in plaintiff.

The questions raised by these motions came before the trial court on December 28, 1978. Based on the evidence presented therein, and the recommendations of the custody evaluation report,[3] the court denied defendant's motion, which had been modified to request that the court link the obli-

gation of child support payments to the granting of child visitation rights by plaintiff. The court then ordered that the visits between defendant and Eric continue, under supervision of a therapist, according to the recommendations of the custody evaluation report.

Thereafter, on February 7, 1979, plaintiff filed a motion for modification of the decree of divorce, pointing out that the trust agreement had terminated, and asking that defendant be ordered to pay schooling expenses for the three children, and that defendant pay to her one-half the trust res. The trial court denied payment of school expenses for the oldest child, but granted the remainder of plaintiff's motion.

■ In appealing from the December 28th trial court ruling denying defendant's motion regarding child support payments and the visitation rights, defendant asks us to overrule the trial court's disposition of the present custody and visitation difficulties. Defendant seeks to impose a system whereby his obligation to provide child support would be conditioned upon plaintiff's compliance with his legally-prescribed minimal rights of visitation. We decline to honor this request.

■ Under Utah law, a divorce court sits as a court in equity so far as child custody, support payments, and the like are concerned.[4] It likewise retains continuing jurisdiction over the parties, and power to make equitable redistribution or other modification of the original decree as equity might dictate.[5] In both the formulation of the original decree and any modifications thereof, the trial court is vested with broad

---

**2.** The parties eldest child, Rebecca Despain, was 21 years of age at the time the present dispute arose; the trial court ruled that, while she was entitled to payment of residual interest from the trust fund established for her benefit, she would receive no additional support under the divorce decree. No appeal was taken from this ruling.

**3.** The custody evaluation, performed by Consulting Services, Inc., resulted in a report submitted to the court December 18, 1978. The report cited numerous instances of deteriorat-

ing relations between defendant and Eric Despain, including alleged threats of foster home placement, express rejection of Eric by defendant, etc. The report recommended continued custody in plaintiff, subject to visitation rights in defendant, but under the supervision of a therapist, together with family counseling of the parties.

**4.** U.C.A., 1953, 30-3-5.

**5.** Id.

discretionary powers, which may be disturbed by an appellate court only in the presence of clear abuse thereof.[6]

In the present case, the trial court, in acting on defendant's motion for modification of the decree of divorce, took great pains to arrive at an equitable solution to the difficulties giving rise to the motion. A study was commissioned on the court's own motion, which took more than five months to complete. The recommendations thereof were thoroughly examined and adopted by the trial court. Upsetting the conclusion so meticulously arrived at in favor of something so mechanical and factious as defendant's money-for-visits solution would be extremely ill-advised.[7]

Defendants cites a handful of jurisdictions which have approved the system proposed by defendant under similar circumstances. It is noteworthy that, in each of these decisions, the proposed system was devised and implemented by the trial court itself, and merely approved by the appellate court. In none of them was the system implemented by the appellate court in favor of an alternative solution imposed by the trial court.

 Defendant's only point on appeal from the trial court's order issued pursuant to plaintiff's February 7th motion is that the trial court committed error in ordering an accounting of the trust property, and awarding to plaintiff a one-half interest in the trust res. Under defendant's argument, plaintiff contracted away all rights to the trust res pursuant to paragraph 10 of the separation agreement and property settlement forged by the parties. In exchange for the $75,000 payment from defendant, asserts defendant, plaintiff relinquished "any and all other claims against the defendant." By defendant's view, the trial court, upon adopting the parties' agreement as part of the decree of divorce, became bound by its terms and may not now modify such terms. We agree.

This issue was most recently before the Court in *Land v. Land*[8] wherein we observed that the outright abrogation of the provisions of a property settlement agreement is to be resorted to with great reluctance and only for compelling reasons.[9]

In the instant case, plaintiff made no attack upon the property settlement agreement on any significant equitable grounds, such as material change of circumstances, but on this appeal she attempts to inject the element of fraud on the court by asserting that the representations "of Defendant" regarding the terms of the trust were fraudulent. However, her assertion is without merit, for even if the representations were in fact fraudulent, they necessarily were the representations of *both* plaintiff and defendant since they were contained in the stipulation and property settlement which they jointly imposed upon the court.

 Plaintiff sought a share of the trust res simply by relying on the terms of the trust. In so doing, she totally ignored the plain terms of the property settlement agreement whereby she relinquished any and all claims to that part of the marital estate. As an apparent consequence, the trial judge proceeded only to interpret the terms of the trust agreement, failing to view the same in light of the property settlement agreement which superseded it. Therein the court erred, for in the absence of compelling equitable considerations, the terms of the property settlement agreement are not to be abrogated.

**6.** *Jorgenson v. Jorgenson*, Utah, 599 P.2d 510 (1979); *Kessimakis v. Kessimakis*, Utah, 580 P.2d 1090 (1978); *Johnson v. Johnson*, Utah, 560 P.2d 1132 (1977).

**7.** Though it be conceded that under proper circumstances a court might make the payments for support money dependent upon a child's custodian making the child available for visitation, the right of a child to support is a paramount right which it possesses quite apart from any consideration relating to the conduct of its divorced parents. *Earl v. Earl*, 17 Utah 2d 156, 406 P.2d 302 (1965).

**8.** Utah, 605 P.2d 1248 (1980).

**9.** Citing *LeBreton v. LeBreton*, Utah, 604 P.2d 469 (1979).

We affirm the order of the trial court as it pertains to the matter of visitation, but reverse the order requiring an accounting and division of the trust res.

No costs awarded.

CROCKETT, C. J., and WILKINS, J., concur.

MAUGHAN, Justice (dissenting):

For the following reasons I dissent.

The main opinion says, "By defendant's view, the trial court, upon adopting the parties agreement as part of the decree of divorce, became bound by its terms and may not now modify such terms. We agree."

Such a statement, in my view, does not express the law in this jurisdiction. Our statute, Utah Code Annotated, 1953, Section 30–3–5, states:

> "30–3–5. Disposition of property—. . . . .—When a decree of divorce is made, the court may make such orders in relation to . . . property . . . as may be equitable. The court shall have continuing jurisdiction to make such subsequent changes or new orders with respect to . . . or the distribution of the property as shall be reasonable and necessary. . . ."

Any property settlement agreement, stipulation, etc. made by the parties to an action for divorce, must necessarily be made with the foregoing statute in mind. That statute becomes a part, albeit an unwritten part, of any agreement entered into by the parties.

Moreover, we do not look to the terms of the property settlement agreement once it has become a part of the decree. Its independent existence is destroyed, and thereafter the rights of the parties are determined solely by the decree.

By statute, and for obvious reasons, the Court has continuing jurisdiction and the unquestioned power to adjust the actions between the parties, in accordance with the equities of the matter. Also see my dissenting opinion in *Chandler v. West*, Utah 1980, 610 P.2d 1299.

In addition, for the foregoing reasons, I believe this Court's opinion in *Land v. Land*, Utah 1980, 605 P.2d 1248, is in error.

STEWART, J., having disqualified himself, does not participate herein.