**Beverly Kay CHRISTENSEN, Plaintiff and Appellant,**

v.

**Alfred Brent CHRISTENSEN, Defendant and Respondent.**

No. 16459.

Supreme Court of Utah.

Oct. 28, 1980.

B. L. Dart, Jr., and John D. Parken, of Dart & Stegall, Salt Lake City, for plaintiff and appellant.

Walter R. Ellett, Murray, for defendant and respondent.

WILKINS, Justice:

This is an appeal from an order denying the motion of the plaintiff–appellant to modify a decree of divorce. Affirmed and reversed as indicated.

Plaintiff and defendant were divorced on December 9, 1975, when a decree was entered based upon a stipulation reached between them. Later, on August 12, 1976, plaintiff filed a motion to modify the decree, primarily on the ground that the defendant had misrepresented to her the value of a 52–unit apartment complex which they had acquired and constructed during the marriage, and which was awarded to defendant in the divorce. She claimed that she had relied upon his representations as to the value of that property since she was not well informed on their investments and she was too poor at the time to afford an appraisal.

At the hearing on the plaintiff's motion to modify, the District Court ruled that since plaintiff was seeking to modify the original decree on the basis of fraud discovered more than three months after its entry, her only recourse was through an independent fraud action. Thereafter she filed a civil action sounding in fraud seeking to set aside the award of the apartment complex to the defendant. This fraud action together with her motion for modification were consolidated for trial and the trial was held on February 14, 15, and 16, 1979.

At the trial plaintiff testified that defendant represented to her at the time of

the divorce that the apartment complex had cost nearly twice as much to build as anticipated, the mortgage balance was at least equal to its fair–market value and that the rents were barely sufficient to cover the monthly mortgage payment. It is undisputed that in December, 1975, when the decree was entered the mortgage balance was $368,000. The defendant denied in his testimony that he ever told her that the complex had no value and claimed that he told her that it had a gross value of $460,-000. Plaintiff produced evidence that less than a month earlier than December, 1975, he had certified in a financial statement that the complex had a fair–market value of $710,000 and that five months after the decree was entered, he listed the property for sale at $950,000 and rejected an offer to sell the property on a contract for $900,000 with $150,000 being paid down. At the trial plaintiff produced an expert witness who testified that the apartment complex was actually worth between $750,000 and $825,000 in December, 1975.

At the trial the Court found that defendant had not fraudulently misrepresented the value of the property to the plaintiff and entered a judgment of "No Cause of Action" in favor of the defendant and against the plaintiff. The court also denied plaintiff's motion to modify the property distribution set forth in the original decree of divorce.

Plaintiff brings this appeal contending that even though defendant's conduct did not constitute fraud, the Court should have modified the original decree and given her part of the equity in the apartment complex in light of the disparity between the actual value of the property and the value she was led to believe that it had at that time.

Plaintiff relies primarily upon the decision of this Court in *Kessimakis v. Kessimakis,* Utah, 546 P.2d 888 (1976). However, that case dealt with modification of an award of alimony and child support, whereas in the instant case the plaintiff is seeking a modification making a redistribution and reallocation of the equity in a property matter (the apartment complex).

In the recent case of *Land v. Land,* Utah, 605 P.2d 1248 (1980), this Court stated:

> . . . True it is that, in making a division of property by a decree of divorce a trial court is governed by general principles of equity. It is likewise true that the court retains continuing jurisdiction over the parties and may modify the decree due to a change in circumstances, equitable considerations again to govern. It must, however, be added that, when a decree is based upon a property settlement agreement, forged by the parties and sanctioned by the court, equity must take such agreement into consideration. Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made. *Accordingly, the law limits the continuing jurisdiction of the court where a property settlement agreement has been incorporated into the decree, and the outright abrogation of the provisions of such an agreement is only to be resorted to with great reluctance and for compelling reasons.* [Emphasis added.]

The plaintiff does not complain on this appeal that the District Court should have found the defendant guilty of perpetrating a fraud upon her. That being so, we are left with an alleged nonfraudulent misrepresentation by the defendant to the plaintiff and the plaintiff's contention that she was without funds to have the property appraised herself. Such facts would not justify this Court in overturning a stipulated property settlement and redistributing the property under the principles quoted above in *Land v. Land.* While we are not generally unsympathetic to the position of the plaintiff, we cannot now upset a stipulated property settlement because of her having relied upon values furnished by her husband in an adversary proceeding nor because she was without funds to hire an appraiser of her own. Accordingly, we hold

that the District Court committed no error in not disturbing the stipulated property settlement of the parties under these circumstances.

██ Shortly before the trial below, plaintiff's counsel served upon defendant's counsel a written demand for him to produce at the trial all books, records and check records relating to the income of the defendant for the year 1978. Defendant's counsel does not deny that he agreed he· would produce them at the trial without the necessity of a subpoena duces tecum being served upon his client. At the trial, however, the requested documents were not produced and while the defendant admitted the existence of them, he was allowed by the trial court to testify concerning his 1978 income and expenses over objection of plaintiff's counsel.

Since the plaintiff was endeavoring also to establish a change of financial circumstances upon which a modification of the *alimony* provisions of the original decree could be made, we hold that this conduct on the part of the defendant was unjustified and resulted in prejudicial error to the plaintiff in that she was unable to pursue effectively her claim for modification of alimony. We therefore remand this case for a further hearing on plaintiff's claim for additional alimony consistent with this opinion.

No costs are awarded.

CROCKETT, C. J., and HALL and STEWART, JJ., concur.

MAUGHAN, Justice (dissenting):

Respectfully, I dissent for the reasons set forth in my dissenting opinion in *Despain v. Despain.*[1] The statutory standard as set forth in Section 30–3–5 is "reasonable and necessary" to support an order modifying a distribution of property in a divorce decree. The standard of "great reluctance and for compelling reasons" set forth in the majority opinion is contrary to the statutory standard.

---

1. Utah, 610 P.2d 1303, 1307 (1980).