Heidemarie G. **FOULGER**, Plaintiff and Respondent,

v.

John C. **FOUGLER**, Defendant and Appellant.

No. 16909.

Supreme Court of Utah.

Feb. 4, 1981.

---

Noall T. Wootton of Wootton & Wootton, American Fork, for defendant and appellant.

Craig M. Snyder, Provo, for plaintiff and respondent.

HALL, Justice:

Defendant John C. Foulger takes this appeal from an order by the trial court granting plaintiff Heidemarie Foulger's motion for modification of a decree of divorce.

On October 29, 1975, the lower court granted the plaintiff a decree of divorce, dissolving the parties' marriage of nine years. The parties entered into an agreement of settlement, which was adopted by the trial court. Pursuant to that agreement, and the decree based thereon, plaintiff was awarded custody and care of the couple's three minor children, alimony and child support payments, and a certain portion of the marital property, including possession of the family residence on conditions which led to the instant dispute. Para-

graph 5 of the decree of divorce, taken from the couple's settlement agreement, states the following:

> 5. That plaintiff is hereby awarded all right, title and interest in and to the real property and residence at 195 North 7th East, . . . Subject, however, to a lien on said premises in behalf of the defendant equal to fifty percent (50%) of the amount received from any sale in excess of $17,000.00 which is the purchase price of said residence. Defendant is further awarded a first option to purchase said residence in the event of sale and apply his equity upon said purchase price. Plaintiff is hereby granted the right to reside in said residence as long as she so desires, but in the event of sale, the above formula shall apply.

On November 21, 1979, defendant was served with an order to show cause why the original decree of divorce should not be modified with regard to those provisions dealing with child support and defendant's lien on the family residence. The trial court heard the matter on December 18, 1979, at which time plaintiff asserted that there had been a substantial change of circumstance justifying modification of the original divorce decree relating to defendant's lien on the family residence.[1] In justification of this assertion, plaintiff pointed out that she had been making payments on the residence, together with tax and insurance payments thereon, since the time of the divorce without benefit of financial help or assistance from defendant; that she had been solely responsible for maintenance and upkeep on the residence since the decree of divorce was issued; that she had made substantial improvements to the property since the divorce, and contemplated further improvements, the effect of which would be to increase substantially the value of the property; and that she no longer contemplated returning to her native land of Germany with the three minor children, allegedly defendant's motive for imposing the lien condition in the agreement.

---

1. The trial court also granted plaintiff's motion for an increase in child support payments, from which ruling defendant takes no appeal.

The court found that paragraph 5 of the original decree of divorce was "inherently unfair" and that, the motive for the insertion thereof having been obviated, it should be modified to grant to defendant a lien on the family residence in an amount equal to one-half the appreciated value of the home, over and above its purchase price as of the time of divorce. The purchase price of the residence having been $17,000, and valuation thereof at the time of the divorce having been $37,000, the modification gave defendant a lien in the amount of $10,000.

On appeal, defendant asserts that the modification of the decree was improper, in that (1) plaintiff failed to show a sufficient change in circumstances to justify modification of the decree, and (2) the property disposition in the original decree constituted a court-approved stipulation drafted by the parties dealing at arm's length without duress or undue influence. We agree, and reverse the trial court's ruling.

■ Under Utah law, a trial court sitting in a divorce matter retains continuing jurisdiction to make such modifications in the initial decree of divorce as it deems just and equitable.[2] Where no appeal is taken from the original divorce decree, however, a change of circumstances must be shown in order to justify a later modification of such decree.[3] Absent such a requirement, a decree of divorce would be subject to *ad infinitum* appellate review and readjustment according to the concepts of equity held by succeeding trial judges.

■ The change in circumstance required to justify a modification of the decree of divorce varies with the type of modification contemplated. Provisions in the original decree of divorce granting alimony, child support, and the like must be readily susceptible to alteration at a later date, as the needs which such provisions were designed to fill are subject to rapid and unpredicta-

ble change. Where a disposition of real property is in question, however, courts should properly be more reluctant to grant a modification. In the interest of securing stability in titles, modifications in a decree of divorce making disposition of real property are to be granted only upon a showing of compelling reasons arising from a substantial and material change in circumstances.[4]

■ The above holds true *a fortiori* where the property disposition is the product of an agreement and stipulation between the parties, and sanctioned by the trial court. Such a provision is the product of an agreement bargained for by the parties. As such, a trial court should subsequently modify such a provision only with great reluctance, and based upon compelling reasons.[5]

■ In the instant case, no such compelling reasons have been shown to exist which warrant the modification granted. Matters such as payments on the home, and maintenance and upkeep thereof, certainly must have been within plaintiff's contemplation at the time she agreed to the disposition set forth in the original divorce decree. In regard to permanent improvements, defendant concedes that he is not entitled to share in any increase in value resulting therefrom, but only in the enhancement in any increase by an accelerated economy. The matter of plaintiff's possible departure to Germany was, by her own admission, never anything more than a remote possibility. The fact that she is now more established as a resident of the United States, while it further diminishes the likelihood of her departure, constitutes no change of circumstances sufficiently radical to justify the trial court's action.

Reversed and remanded to the trial court for further proceedings consistent with this

2. U.C.A., 1953, 30–3–5, as amended.

3. *Anderson v. Anderson*, 13 Utah 2d 36, 368 P.2d 264 (1962).

4. *Callister v. Callister*, 1 Utah 2d 34, 261 P.2d 944 (1953), and cases referred to therein.

5. *Despain v. Despain*, Utah, 610 P.2d 1303 (1980); *Land v. Land*, Utah, 605 P.2d 1248 (1980).

opinion. Plaintiff's prayer for attorney's fees is denied, and the parties are to bear their own costs.

CROCKETT,* and HOWE, JJ., concur.

STEWART, J., concurs in the result.

MAUGHAN, Chief Justice (concurring in the result and dissenting):

I concur in the result, but refer to my dissenting opinions in *Despain v. Despain*, Utah, 610 P.2d 1303, 1307 (1980) and *Christensen v. Christensen*, Utah, 619 P.2d 1372 (1980).