Mary Ellen H. WILLIAMS (Shearwood), Plaintiff and Appellant,

v.

Keith Cates SHEARWOOD, Defendant and Respondent.

No. 18512.

Supreme Court of Utah.

Aug. 15, 1984.

Lyle J. Barnes, Kaysville, for plaintiff and appellant.

Scott Holt, Layton, for defendant and respondent.

HOWE, Justice:

Plaintiff appeals from an order denying her petition to remove an easement previously created by stipulation of the parties and ordered by the trial court in post-divorce proceedings. Plaintiff also appeals an award of attorney fees to defendant.

The parties were divorced in 1975. An eight-acre tract was divided between them. Plaintiff was awarded a one-acre lot with a house on it that blocked access from the street to the remaining seven acres that were awarded to the defendant. There was no other means of access to them. The defendant brought a petition in 1978 to remedy the problem. The trial court, exercising its continuing jurisdiction over the case and basing its decision on a stipulation of the parties, ordered plaintiff to "grant to defendant a sixteen and one-half foot right-of-way easement to defendant's property along plaintiff's south property boundary."

Subsequently, defendant acquired adjoining residential property through which he

arguably had access to the seven acres. Thereupon, plaintiff petitioned to have the easement through her property extinguished. Her petition was denied by the trial court. She contends that the easement was an easement by necessity because defendant was landlocked; the necessity was removed when defendant acquired adjoining residential property, and the easement should now be terminated.

 The pertinent part of the 1978 order reads: "IT IS HEREBY ORDERED that plaintiff be and she is hereby required to grant to defendant a sixteen and one-half foot right-of-way easement to defendant's property along plaintiff's south property boundary." The language of the order makes it clear that the court granted defendant an unconditional easement, not one by necessity.

Plaintiff's petition for extinguishment of the easement was properly denied. Although the trial court has continuing jurisdiction to modify property divisions, his power is not absolute. Modification must be founded on a material change in circumstances. *Despain v. Despain*, Utah, 610 P.2d 1303 (1980). Property divisions should be modified only with great reluctance and based upon compelling reasons. *Foulger v. Foulger*, Utah, 626 P.2d 412 (1981). Here, a material change of circumstance was found to be lacking. The trial court found that the need for the easement still existed. Although defendant had acquired adjoining residential property, it was only 80 feet wide and provided access to the seven acres behind it only by crossing the lawn. Since heavy trucks and farm implements had to have ingress and egress to and from the seven acres, we find no abuse of discretion on the part of the trial court in refusing to extinguish the easement.

With respect to the award of attorney fees to defendant, we note that it is within the discretion of the trial court, on examination of the facts, to determine if the circumstances warrant an award of fees against one of the parties and in favor of the other. *Anderson v. Anderson*, 13 Utah 2d 36, 368 P.2d 264 (1962). No allegation has been made that the trial court failed to examine the facts. We will not overturn the award, finding no abuse of discretion.

The order is affirmed. Costs awarded to defendant.

HALL, C.J., DURHAM, J., and RICHARD C. DAVIDSON, District Judge, concur.

STEWART, J., dissents.

ZIMMERMAN, J., does not participate herein.